UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| BENJAMIN C. PRICE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | CAUSE NO. 2:05-CV-283 PS |
| v. ) | |
| ) | |
| DEAN R. LANTER, ) | |
| ) | |
| Defendant. ) | |

## OPINION AND ORDER

On July 21, 2005, Benjamin C. Price, a *pro se* pretrial detainee, filed a "Bivens" action. *See* 28 U.S.C. § 1331(a); *see also Zuniga v. United States Atty. Gen.*, 988 F.2d 127 (9th Cir. 1993) (construing federal pretrial detainee's claim regarding where he should be detained as an action under *Bivens*). Pursuant to 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, does not state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. FED. R. CIV. PRO. 12(b)(6) provides for the dismissal of a complaint, or any portion of a complaint, which does not state a claim upon which relief can be granted. The court applies the same standard under § 1915A as when addressing a motion under Rule 12(b)(6). *Weiss v. Colley*, 230 F.3d 1027 (7th Cir. 2000).

> A claim may be dismissed only if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. Allegations of a pro se complaint are held to less stringent standards than formal pleadings drafted by lawyers. Accordingly, pro se complaints are liberally construed.

*Alvarado v. Litscher*, 267 F.3d 648, 651 (7th Cir. 2001) (citations, quotation marks and ellipsis omitted).

Price alleges that on September 16, 2004, Assistant United States Attorney Dean Lanter illegally disclosed evidence obtained from a recorded telephone conversation without notifying all interested parties. He contends that this is prosecutorial misconduct and an abuse of legal process. Price seeks the "dismissal of indictment with prejudice, baring the government from any future prosecution." (Compl. at 8.)

Like state prisoners suing under § 1983, federal prisoners suing under *Bivens* may sue relevant officials in their individual capacity only. *See Glaus v. Anderson*, 408 F.3d 382, 389 (7th Cir. 2005). Therefore, this action can only be construed as being asserted against Lanter in his individual capacity.

In his individual capacity, a prosecutor has absolute immunity for the initiation and pursuit of a criminal prosecution, including presenting the state's case at trial or any other conduct "intimately associated with the judicial phase of the criminal process." *Imbler v. Pachtman*, 424 U.S. 409, 430 (1976). "In initiating a prosecution and in presenting the State's case, the prosecutor is immune from a civil suit for damages . . .." *Id*. at 431. This immunity applies even where the prosecutor acts "maliciously, unreasonably, without probable cause, or even on the basis of false testimony or evidence." *Henry v. Farmer City State Bank*, 808 F.2d 1228, 1238 (7th Cir. 1986). Presenting evidence to a grand jury is "intimately associated with the judicial phase of the criminal process." Accordingly, this action cannot be maintained against Lanter because he is absolutely immune.

Further, in his individual capacity, Lanter cannot dismiss an indictment nor bar future prosecution. Put simply, the relief Price seeks is unavailable. Even if Price had attempted to name the U.S. Department of Justice or the United States Attorney in this action it would still fail because

a *Bivens* action cannot be maintained against a defendant in his official capacity nor against the United States or its agencies. *F.D.I.C. v. Meyer*, 510 U.S. 471 (1994).

For the foregoing reasons, this complaint is **DISMISSED** pursuant to 28 U.S.C. 1915A.

**SO ORDERED**.

ENTERED: July 26, 2005

s/ Philip P. Simon
PHILIP P. SIMON, JUDGE
UNITED STATES DISTRICT COURT
